FILED
IN CLERKS OFFICE
2020 JUN 22 AM 10: 18
U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 3:19-30056-MGM

Jane Doe, an individual,
Plaintiff,

v.

UMass-Amherst, a public institution,
Dr. Derek Lovley, an individual,
Dr. Toshiyuki Ueki, an individual,
Dr. John Lopes, an individual,
Joy Ward, an individual,
Dr. Kumble Subbaswamy, an individual,
Sergeant Jonathan Hall, an individual,
Atty. Randall Smith, an individual,
Chief Scott Livingstone, an individual,
Defendants.

Dated June 22, 2020

**EMERGENCY MOTION TO STAY PROCEEDINGS
UNTIL LAW LIBRARIES REOPEN TO THE PUBLIC**

The closure of all law libraries on March 16, 2020, in the Commonwealth of Massachusetts, is part of the restrictions that were progressively put in place in March 2020 to try to slow down the coronavirus transmission. This restrictive measure has been adding to Plaintiff's long list of disasters: when it took effect, Plaintiff was trying to remediate alone the aftermath to having become a victim of white-collar labor exploitation at the hands of Dr. Derek Lovley. And because of having endured the economic pain of unemployment for years, Plaintiff's lone remediation efforts had become viable solely thanks to the legal resources available to the public at the Massachusetts Trial Court law libraries—in particular, computer stations designated to writing legal documents, office printers/scanners, and crucial legal materials (viz., Westlaw, LexisNexis, PACER, and law manuals and/or treatises and/or journals). Unfortunately, as of June 22, 2020,

these law libraries have remained closed to the public. During all this time, Plaintiff has been devoting tremendous energy to finding a way to compensate for the absence of the aforementioned public resources on which she was reliant beforehand.

So far, Plaintiff has been able to procure for herself *only* an unreliable, extremely limited, fraught-with-serious-perils manner to both access the internet and write some documents. This explains how Plaintiff has managed to continue litigating two cases paired at the Massachusetts Appeals Court (Plaintiff recently participated in an oral argument held in regard to these paired appeals), and to file motions to extend time (or to stay proceedings) in her legal matters.

In the instant case, Plaintiff would like to oppose each of the four motions filed by the Defendants on March 30, 2020 (Dkt. Nos. 97, 99, and 101) and April 6, 2020 (Dkt No. 103). However, owing to the inaccessibility—for Plaintiff—of Westlaw, LexisNexis, PACER, and other legal materials since March 16, 2020, Plaintiff has not been able to complete this task. Plaintiff indeed does not just need a reliable, unlimited, and safe access to office/computer equipment; in addition, she must verify the caselaw cited in the Defendants' motions and search for authorities to support her opposing arguments. Remarkably, in these motions, the Defendants referenced pleadings, which their attorneys found via the Westlaw legal research service and which are not freely accessible.

The complaint 1:19-cv-10705 John Harnois v. University of Massachusetts at Dartmouth—of a similar magnitude than that of the complaint at bar, besides being litigated by a self-represented plaintiff—can be taken as a point of comparison. According to its proceedings, the Defendants' July 8, 2019 motion to dismiss under Fed. R. Civ. P. 8 was denied upon the court's judgment that "[w]hile John Harnois's Amended Complaint contains extraneous factual and legal information, the parties and court are better served by defendants' filing of a Rule 12 motion." The

2

court sequentially granted the Defendants' emergency motion to continue this Rule 12 motion's deadline as well as the plaintiff's motion for extension of time to file his opposition. At that time, access to public legal resources was not restricted, and it seems that the pro se plaintiff, John Harnois, was not litigating several matters simultaneously.

In the case at hand, the Defendants filed not just one but three motions to dismiss contending that this court should reject the complaint of interest under a combination of provisions in Fed. R. Civ. P. 8, 12(b)(1), and 12(b)(6). Also, the University Defendants seek, in a supplemental motion, reversal of this court's allowance of pseudonymous proceedings. The Defendants, for whom legal representation is provided by their employers and at no expense nor search efforts, enjoyed a substantial amount of additional time to prepare the four motions mentioned above. Further, the Defendant's attorneys have not been hit as hard as Plaintiff by the coronavirus crisis, i.e., they have not been deprived of resources to accomplish their functions. Only one counsel—despite being an Assistant Attorney General—complained on March 25, 2020 of incurred limitations: "Due to the current public health situation, undersigned counsel is exclusively teleworking with reduced capacity and limited resources." (See Dkt. No. 94).

On the other side is Plaintiff, who works (i.e., researches, reads, writes, prints, files) on this case alone and does not benefit from any legal expert advice. The same is true for the other six legal matters (which all are repercussions precipitated by the nucleus of facts operating in the complaint at issue here), in which Plaintiff represents herself simultaneously. The protracted lack of access to critical resources to write her pleadings while availing herself of Westlaw, LexisNexis, Pacer, and legal textbooks, has logically been devastating for Plaintiff; especially, regarding the present case for which she has no less than four different legal topics to study in order to substantiate her oppositions.

3

In order to stack as many odds as possible in her favor, Plaintiff unwantedly finds herself in the delicate position of having to petition for a stay of the instant proceedings until the time when she can perform the legal search indispensable to prepare meaningful oppositions. This stay has become an imperious necessity as underscored by the unusual course, which this case has been taking (in conjunction with the implementation of the coronavirus-related restrictions) and which is reflected by the facts listed below:

- Plaintiff's motion date-stamped April 13, 2020 (Dkt. No. 105) was filed with a wrong date (i.e., April 23, 2020);

- Plaintiff's notification date-stamped May 4, 2020 (Dkt. No. 110) was filed with the correct date but after the court issued a related order on May 8, 2020 (Dkt. No. 108);

- Two summonses (Dkt. Nos. 113 and 115) were reported on June 11, 2020 as returned unexecuted;

- And, although his deadline to respond has already elapsed, no response has been received from Defendant Chief Scott Livingstone.

As a consequence of the circumstances outlined above, Plaintiff respectfully requests that the current proceedings be stayed until the date on which the law libraries will be scheduled to reopen to the public. On or about such date (currently unknown), Plaintiff commits to submit a schedule to file the expected four oppositions. And, in the meantime, Plaintiff will attempt to address the issue of the two summonses returned unexecuted.

Respectfully submitted,
/s/ Jane Doe, pro se

**Certificate of Local Rule 7.1(a)(2) Compliance**

On June 22, 2020, Plaintiff hereby certifies that on May 21, 2020 she emailed two of the Defendants' attorneys, Mark Johnson and Dennis D'Angelo, to ascertain whether the University Defendants and Defendant Atty. Randall Smith would assent to the allowance of a stay of these proceedings. On the same day, Plaintiff received from Atty. Johnson the following response: "The University defendants do not assent to any motion that would seek to stay this case." And eight days later, on May 29, 2020, arrived in Plaintiff's email box an answer from Atty. D'Angelo stating: "We do not assent to a motion for an indefinite stay of the litigation. If you are seeking an extension of time to complete any particular task or event, we will of course try to work with you on any reasonable extensions." Therefore, Plaintiff respectfully requests the court's assistance to resolve the present motion.

Respectfully submitted,
/s/ Jane Doe, pro se

Case 3:19-cv-30056-MGM   Document 116   Filed 06/22/20   Page 6 of 6

*Emergency motion to stay proceedings until law libraries reopen to the public_Doe v. UMass Amherst and eight other Defendants_062220*

**Certificate of Service**

On June 22, 2020, Plaintiff hereby certifies that she placed the instant motion inside the drop box available at the U.S. District Court for the District of Massachusetts located in Springfield, MA and then emailed a digital copy of it to both Cheryl Marinelli (the assistant of the University Defendants' attorneys) and Atty. Dennis D'Angelo (the counsel of Defendant Atty. Randall Smith).

Respectfully submitted,
/s/ Jane Doe, pro se